# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| LEE TILL, | ) |
|         Plaintiff, | ) ) ) |
|         v. | ) Case No. 1:18-cv-00127-TWP-DLP ) |
| DOLGENCORP, LLC, and DOLGENCORP INC. d/b/a DOLLAR GENERAL, | ) ) ) |
|         Defendants. | ) |

## ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

This matter is before the Court on a Motion for Summary Judgment filed pursuant to Federal Rule of Civil Procedure 56 by Defendants Dolgencorp, LLC and Dolgencorp Inc., doing business as Dollar General, ("Dollar General") (Filing No. 47). Plaintiff Lee Till ("Till") filed this lawsuit against Dollar General after he was injured while delivering products to a Dollar General store in Mooresville, Indiana. Till asserts a single claim of negligence and requests damages for his injuries. For the following reasons, the Court **grants** summary judgment on behalf of Dollar General.

## I. BACKGROUND

The following facts are not necessarily objectively true, but as required by Federal Rule of Civil Procedure 56, the facts are presented in the light most favorable to Till as the non-moving party. *See Zerante v. DeLuca*, 555 F.3d 582, 584 (7th Cir. 2009); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

Dollar General is a discount retailer, which offers products from a variety of brands at a discounted brand to make the products more affordable and make them available for customers at convenient locations. Dollar General contracted with U.S. Xpress to deliver "merchandise

inventory, store supplies, equipment and fixtures" from the Dollar General distribution center in Marion, Indiana, to various Dollar General stores (Filing No. 47-3 at 2; Filing No. 47-1 at 2). The contract governing the relationship between U.S. Xpress and Dollar General for the Marion distribution center provided that U.S. Xpress "shall perform the transportation and delivery services provided for in this Agreement as an independent contractor and shall have exclusive control and direction of the persons operating the equipment or otherwise engaged in such services." (Filing No. 47-3 at 4.) Further, "Each [U.S. Xpress] driver shall unload all 'roll-tainers' on each trailer and shall assist in the unloading of any other items on a trailer, as needed," and U.S. Xpress "shall be responsible for ensuring that each driver is properly trained in the procedures for unloading 'roll-tainers.'" *Id.* A roll-tainer is a cart used to deliver Dollar General goods. It is a steel cage on three sides, and the fourth side has a net with a steel bar to lock it in (Filing No. 47-2 at 4, 6).

All of the trailers hauled by U.S. Xpress pursuant to the contractual relationship are owned by Dollar General. Dollar General produces the store orders for delivery and the order sequence of delivery for an entire trailer. Dollar General workers pack the roll-tainers at the distribution centers and inspect them to make sure they are properly packed, including making sure heavy items are on the bottom. If problems are found, the roll-tainers are repacked (Filing No. 84-1 at 3–6, 9–12). Inspection of the roll-tainers is performed before they are loaded on the trailer, but the inspections are random; so not every roll-tainer is inspected. Once a trailer is loaded with roll-tainers, a seal is placed on the trailer for trailer integrity.

The truck drivers do not open the trailers when they pick up the trailers; the Dollar General security guard does that and breaks the seal. Afterward, the security guard seals the trailer again. Pursuant to Dollar General's policy, all trucks should arrive and leave the store with an intact

2

trailer seal. (Filing No. 84-1 at 14–15, 17–19). When the truck driver arrives at a store, a Dollar General store manager must meet the driver at the back door. The driver then pushes the roll-tainers through the threshold of the door designated by the store manager and into an area designated by the store manager. Dollar General requires its employees to ensure that the path from the back door to the roll-tainer delivery area is clear of obstructions. Once the roll-tainers are in the store, the U.S. Xpress driver does not unload or unpack them. *Id.* at 11, 19–20.

Till was employed as a delivery truck driver by U.S. Xpress. He worked exclusively for U.S. Xpress on the Dollar General account. He delivered only Dollar General trailers beginning around March 2014. As a U.S. Xpress delivery truck driver on the Dollar General account, Till would pick up a trailer at the Dollar General distribution center. He would then make deliveries to Dollar General stores throughout Central Indiana and in parts of northern Kentucky (Filing No. 47-2 at 2, 10–11; Filing No. 47-1 at 2).

On May 28, 2016, Till picked up a 48-foot trailer from the Marion, Indiana Dollar General distribution center, which holds about 48 roll-tainers. His trailer was preloaded and had been sealed for two days before he picked it up (Filing No. 84-1 at 13–14). Till arrived at the Dollar General store in Mooresville, Indiana and began to unload the roll-tainers from his trailer. To unload a roll-tainer, Till had to push the roll-tainer onto the liftgate, lower the lift, and then push the roll-tainer into the store through the back door.

While Till was pushing a roll-tainer through the threshold of the door leading into the store, the roll-tainer bucked back against him. Till fell to his knees, and when the roll-tainer started to roll toward him, he pushed it off to his right side. Till's arm got stuck in the cage of the roll-tainer and resulted in his arm being ripped out of its socket. At the time of the accident, no one was helping Till unload the trailer, and nobody witnessed the events (Filing No. 47-2 at 4–6). At the

time of the incident, Till already had pushed five or six roll-tainers into the Mooresville store. He did not have any specific delivery instructions for the day ([Filing No. 47-1 at 2](#)–3; [Filing No. 47-2 at 2](#)–6).

The roll-tainer involved in the incident was overloaded and loaded incorrectly. It was top-heavy and weighed too much. Roll-tainers typically weigh between 700 and 1,000 pounds, but the roll-tainer involved in the accident weighed between 800 and 1,000 pounds. It was loaded with bottled water, gallon water, and canned goods. *Id.* at 6, 14. Because the roll-tainer inspections were random, it is possible the roll-tainer that injured Till had not been inspected ([Filing No. 84-1 at 15](#)–16). Prior to this accident, Till was aware of a couple of incidents where roll-tainers tipped over because they were overloaded. Those incidents were reported to driver managers, and in one case, Till took a photograph of the tipped-over roll-tainer to give to a manager ([Filing No. 47-2 at 6](#)–7, 14, 22).

On December 12, 2017, Till filed a Complaint against Dollar General in the Marion Superior Court, asserting his sole claim of negligence ([Filing No. 47-1](#)). On January 16, 2018, Dollar General removed the case from state court to this Court based on diversity jurisdiction ([Filing No. 1](#)). After answering the Complaint and denying liability, Dollar General filed a Motion for Summary Judgment.

## II.   SUMMARY JUDGMENT STANDARD

The purpose of summary judgment is to "pierce the pleadings and to assess the proof in order to see whether there is a genuine need for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material

4

fact and that the moving party is entitled to a judgment as a matter of law." *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In ruling on a motion for summary judgment, the court reviews "the record in the light most favorable to the non-moving party and draw[s] all reasonable inferences in that party's favor." *Zerante*, 555 F.3d at 584 (citation omitted). "However, inferences that are supported by only speculation or conjecture will not defeat a summary judgment motion." *Dorsey v. Morgan Stanley*, 507 F.3d 624, 627 (7th Cir. 2007) (citation and quotation marks omitted). Additionally, "[a] party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth*, 476 F.3d at 490 (citation omitted). "The opposing party cannot meet this burden with conclusory statements or speculation but only with appropriate citations to relevant admissible evidence." *Sink v. Knox County Hosp.*, 900 F. Supp. 1065, 1072 (S.D. Ind. 1995) (citations omitted).

"In much the same way that a court is not required to scour the record in search of evidence to defeat a motion for summary judgment, nor is it permitted to conduct a paper trial on the merits of [the] claim." *Ritchie v. Glidden Co.*, 242 F.3d 713, 723 (7th Cir. 2001) (citations and quotation marks omitted). "[N]either the mere existence of some alleged factual dispute between the parties nor the existence of some metaphysical doubt as to the material facts is sufficient to defeat a motion for summary judgment." *Chiaramonte v. Fashion Bed Grp., Inc.*, 129 F.3d 391, 395 (7th Cir. 1997) (citations and quotation marks omitted).

### III.    DISCUSSION

Under Indiana law, a negligence claim requires (1) a duty owed to the plaintiff by the defendant, (2) breach of duty by allowing conduct to fall below the applicable standard of care, and (3) compensable injury proximately caused by the defendant's breach of duty. *Ryan v. TCI*

5

*Architects/Eng'rs/Contrs., Inc.*, 72 N.E.3d 908, 913 (Ind. 2017). "Whether a duty exists is a question of law for the court to decide. Absent duty, there can be no negligence." *Id.* (citations omitted).

Under Indiana law "an employer does not have a duty to supervise the work of an independent contractor to assure a safe workplace" because "a general contractor typically exercises little, if any, control over the means or manner of the work of its subcontractors, and requires only that the completed work meet the specifications of the owner in its contract with the general contractor." *Stumpf v. Hagerman Constr. Corp.*, 863 N.E.2d 871, 876 (Ind. Ct. App. 2007) (internal citations and quotation marks omitted); *see also Ryan*, 72 N.E.3d at 913. Indiana cases have uniformly held that where an instrumentality causing injury was in the control of an independent contractor, a duty will not be found where there is no evidence that the landowner maintained any control over the 'manner or means' by which the contractor engaged in its work. *Pelak v. Indiana Indus. Servs., Inc.*, 831 N.E.2d 765, 781 (Ind. Ct. App. 2005).

The parties do not dispute that Till was an employee of U.S. Xpress, not Dollar General. After Till picked up the preloaded trailer, Dollar General contends that it relinquished control of the trailer and its contents. Till was in exclusive control of the roll-tainer at the time of his injury. Dollar General did not have any special instructions for Till in delivering the roll-tainers the day of the incident. By contract, it was U.S. Xpress who had control over the manner in which U.S. Xpress employees delivered the roll-tainers. Thus, Dollar General argues it did not maintain control over the instruments that caused the injury at the time the injury occurred. As a result, Dollar General argues, it owed no duty to Till as he was an employee of U.S. Xpress, and Dollar General was not in control of the roll-tainer when Till was injured. Absent a duty, Dollar General argues there can be no negligence.

6

In response, Till acknowledges that the mere fact an injury occurred does not create an inference of negligence, but the doctrine of *res ipsa loquitur* may overcome this general rule. *Gold v. Ishak*, 720 N.E.2d 1175, 1180 (Ind. Ct. App. 1999). "Res ipsa loquitur literally means 'the thing speaks for itself.'" *Id.* (internal citation omitted). "Consequently, the facts or circumstances accompanying an injury may be such as to raise a presumption, or at least permit an inference, of negligence on the part of the defendant." *Id.* (internal citation omitted).

Till asserts that "[a]pplication of the doctrine does not in any way depend on the standard of care imposed by law but, rather, *depends entirely upon the nature of the occurrence out of which the injury arose*." *Id.* at 1181 (emphasis in original). Furthermore,

> [U]nder the doctrine of res ipsa loquitur, negligence may be inferred where [1] the injuring instrumentality is shown to be under the management or exclusive control of the defendant or his servants *and* [2] the accident is such as in the ordinary course of things does not happen if those who have management of the injuring instrumentality use proper care.

*Id.*

Quoting from the *Gold* decision, Till further notes,

> A plaintiff relying upon res ipsa loquitur may show that the event or occurrence was more probably the result of negligence by *relying upon common sense and experience or by expert testimony*. The plaintiff's burden in this regard is to produce a reasonable showing that the injury was indeed one which would not ordinarily occur in the absence of proper care on the part of those who manage or maintain the instrumentality.

*Id.* (emphasis in original, internal citations omitted).

Based on the doctrine of *res ipsa loquitur*, Till responds that summary judgment is not appropriate. He argues that Dollar General managed and had exclusive control over the instrumentality that caused the injury—the roll-tainer and the area through which he was instructed to push it. Dollar General packed the roll-tainers, inspected the roll-tainers, loaded the roll-tainers onto the trailer, and sealed the roll-tainers in the trailer. Yet, Dollar General admitted that not

7

every roll-tainer is inspected, and it may be inferred that an improperly packed roll-tainer would not be prevented from being loaded on a trailer.

When considering whether a defendant had exclusive control over the instrumentality which caused the injury, the focus is not on actual physical control; rather, the focus is on the right of control and the opportunity to exercise control. *Slease v. Hughbanks*, 684 N.E.2d 496, 499 (Ind. Ct. App. 1997). Till asserts that he had no opportunity to inspect or view the prepacked roll-tainers because they were loaded on the trailer and sealed two days before he picked up the trailer. Dollar General packed and loaded the roll-tainer into the trailer, and Dollar General controlled where the roll-tainers were to be pushed in the store. The store manager had to meet Till at the door, and the roll-tainer was pushed through the back door.

Till argues that in the ordinary, normal course of use of roll-tainers, they do not tip or fall over. When properly loaded according to Dollar General's own policies and training, roll-tainers do not tip over because they are packed with heavy items on the bottom, and cases of water are normally stacked only half way up the roll-tainer ([Filing No. 72-2 at 5](#)). However, in this case, the roll-tainer was loaded to the top with cases of water and was too heavy to be safely pushed across the door's threshold ([Filing No. 72-3 at 4](#)). Under these undisputed facts, Till argues that *res ipsa loquitur* applies to defeat Dollar General's Motion for Summary Judgment.

Dollar General replies that *res ipsa loquitur* is inapplicable in this case because the doctrine applies where "an occurrence is so unusual that, absent a reasonable justification or explanation, those persons in control of the situation should be held responsible." *Cergnul v. Heritage Inn of Ind., Inc.*, 785 N.E.2d 328, 331 (Ind. Ct. App. 2003). Dollar General provides examples where *res ipsa loquitur* did apply: *Byrne v. Boadle*, 2 H & C 722, 159 Eng. Rep. 299 (1863) (the original *res ipsa loquitur* case involving a flour barrel falling out of a warehouse window); *Cleary v. Manning*,

8

884 N.E.2d 335, 339 (Ind. Ct. App. 2008) (patient's oxygen mask caught fire during surgery); *Wright v. Carter*, 622 N.E.2d 170, 171–72 (Ind. 1993) (wire left in breast following biopsy).

Dollar General argues that the roll-tainer which injured Till was not within the exclusive control of Dollar General, and thus, *res ipsa loquitur* cannot be applied. Once the preloaded trailer was picked up, Dollar General relinquished any control over the trailer and its contents until the roll-tainers were delivered into the store. Dollar General did not have the right to control the roll-tainer at the time of the accident, and physical control of the roll-tainer was exclusively with Till. The contract between U.S. Xpress and Dollar General stated that U.S. Xpress "shall have exclusive control and direction of the persons operating the equipment or otherwise engaged in such services." ([Filing No. 47-3 at 4](#).) Dollar General argues that *res ipsa loquitur* cannot be applied to defeat summary judgment, and Till failed to show the general rule—that an employer does not owe a duty to a non-employee or independent contractor—does not apply in this case.

The undisputed designated evidence indicates that Till was not an employee of Dollar General. He was an employee of U.S. Xpress. The contract governing the delivery work U.S. Xpress undertook for Dollar General clearly stated, U.S. Xpress "shall perform the transportation and delivery services provided for in this Agreement as an independent contractor and shall have exclusive control and direction of the persons operating the equipment or otherwise engaged in such services." ([Filing No. 47-3 at 4](#).) "Each [U.S. Xpress] driver shall unload all 'roll-tainers' on each trailer and shall assist in the unloading of any other items on a trailer, as needed," and U.S. Xpress "shall be responsible for ensuring that each driver is properly trained in the procedures for unloading 'roll-tainers.'" *Id.*

Because Till was not an employee of Dollar General, and because "an employer does not have a duty to supervise the work of an independent contractor to assure a safe workplace," *Stumpf*,

863 N.E.2d at 876, the general rule that no duty was owed from Dollar General to Till applies. The contract was clear that U.S. Xpress and its truck drivers were independent contractors, and the contract clearly placed responsibility on U.S. Xpress for unloading the roll-tainers from the trailers and for properly training its truck drivers on the procedures of unloading the roll-tainers. Furthermore, none of the exceptions to the general rule that no duty is owed from an employer to an independent contractor applies in this case.[1]

Till's reliance on the doctrine of *res ipsa loquitur* is unavailing because, as Till acknowledged, the doctrine only applies when "the injuring instrumentality is shown to be under the management or exclusive control of the defendant or his servants." *Gold*, 720 N.E.2d at 1181. While Till points to undisputed facts that Dollar General packed the roll-tainers, inspected the roll-tainers, and loaded the roll-tainers into the trailer without the assistance or involvement of U.S. Xpress or Till, the undisputed facts also show that Dollar General relinquished all control over the trailer and roll-tainers to U.S. Xpress and Till when Till picked up the trailer. Till maintained control over the roll-tainers until they were placed inside the Dollar General store. Under these undisputed facts, it cannot be said that Dollar General exercised "exclusive control" over the "injuring instrumentality;" at most, Dollar General shared control with Till. Thus, the doctrine of *res ipsa loquitur* cannot be applied.

The undisputed evidence in this case leads to the conclusion that Till's negligence claim cannot survive summary judgment because no duty exists under the circumstances of the case and because the doctrine of *res ipsa loquitur* does not apply to the undisputed facts of the case. Therefore, Dollar General's summary judgment motion is **granted**.

---

[1] The existence of a duty of care may arise when a contractual obligation imposes a specific duty, the contract requires the performance of intrinsically dangerous work, the performance of the contracted act will create a nuisance, the act to be performed will probably cause injury to others unless due precaution is taken, or the act to be performed is illegal. *Ryan*, 72 N.E.3d at 913, n.3.

## IV. CONCLUSION

For the reasons stated above, Dollar General's Motion for Summary Judgment (Filing No. 47), is **GRANTED**. All other pending motions are **denied as moot**, and the jury trial is vacated. Final judgment will issue under separate order.

**SO ORDERED.**

Date: 7/16/2019

*[signature: Tanya Walton Pratt]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Sarah Jane Graziano
HENSLEY LEGAL GROUP, PC
sgraziano@hensleylegal.com

Alex Maurice Beeman
REMINGER CO. LPA
abeeman@reminger.com

Lyndsay I. Ignasiak
REMINGER CO. LPA
lignasiak@reminger.com